NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| AMY NORTHROP ADAMO WITTORFF, | : : | |
| Plaintiff, | : : | Civil Action No. 12-4197 (SRC) |
| v. | : : | OPINION |
| BANK OF AMERICA, N.A. et al., | : : | |
| Defendants. | : : | |

**CHESLER**, District Judge

      This matter comes before the Court upon two motions to dismiss the Complaint for failure to state a valid claim, pursuant to Federal Rule of Civil Procedure 12(b)(6), one by Defendant Bank of America, N.A. ("BA"), and one by Defendant Monumental Life Insurance Company ("MLIC"). For the reasons stated below, both motions will be granted.

      Very briefly, the background is as follows. The Complaint alleges that Plaintiff and her husband had a mortgage loan from BA and had purchased two insurance policies, the "Borrowers Optional Protection Plan" ("BOPP") from BA, and an accidental death policy ("ADP") from MLIC, both of which would pay benefits upon the death of either Plaintiff or her husband, as limited by the policies. Plaintiff's husband died on May 16, 2006; the Complaint states that he died "as a result of medical negligence." (Compl. ¶ 6.) The Complaint alleges that Plaintiff submitted claims based on her husband's death to both Defendants, and both claims were denied.

      On July 9, 2012, Plaintiff filed a Complaint asserting seven counts: 1) breach of contract against BA; 2) breach of contract against MLIC; 3) Defendants misrepresented that they would

pay benefits under the contracts; 4) Plaintiff detrimentally relied upon the promises made in the contracts; 5) fraudulent inducement to contract; 6) negligent misrepresentation to induce Plaintiff to contract; and 7) consumer fraud in inducing Plaintiff to contract.

As a threshold matter, this Court observes that all claims in the Complaint are forms of contract claims and concern two contracts, the BOPP and the ADP. In moving to dismiss, both Defendants argue, *inter alia*, that each contract contains time requirements that Plaintiff did not comply with. BA contends that the BOPP required Plaintiff to request cancellation of the mortgage within six months of the date of death, and that Plaintiff did not satisfy this requirement. MLIC contends that the ADP required Plaintiff to initiate any action against them within four years of the date of death, and that this litigation was initiated outside that time frame.

In reviewing a motion to dismiss, pursuant to Rule 12(b)(6), a court may consider the allegations of the complaint, as well as documents attached to or specifically referenced in the complaint, and matters of public record. Pittsburgh v. W. Penn Power Co., 147 F.3d 256, 259 (3d Cir. 1998); see also 5B Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure: Civil 3d § 1357 (3d ed. 2007). "Plaintiffs cannot prevent a court from looking at the texts of the documents on which its claim is based by failing to attach or explicitly cite them." In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997). The Complaint specifically references the two insurance policy contracts at issue.

Crucially, Plaintiff concedes that she failed to comply with the time requirements of each policy. As to BA, Plaintiff concedes that the contract required her to make a claim within a six-month limitation period, and that she did not satisfy this requirement. (Pl.'s BA Opp. Br. 7.) As

to MLIC, Plaintiff concedes that the contract required her to initiate litigation within a four-year limitation period, and that she did not satisfy this requirement.  (Pl.'s MLIC Opp. Br. 6.)

Plaintiff has thus conceded that she failed to comply with the express terms of both contracts, in that she did not file a claim during the period required by the BOPP, and she did not initiate suit during the period required by the ADP.  Plaintiff argues, however, that she should not be limited by these provisions.  Plaintiff makes three arguments against each Defendant to support this position: 1) ambiguities should be resolved in her favor; 2) the contracts were written in "legalese" that she could not be expected to understand; and 3) the limitations period should be tolled.

Plaintiff's ambiguity argument has no merit.  Plaintiff concedes that, under New Jersey law, "[w]hen the terms of an insurance contract are clear, it is the function of a court to enforce it as written and not to make a better contract for either of the parties."  Kampf v. Franklin Life Ins. Co., 33 N.J. 36, 43 (1960).  Plaintiff does not point to any way in which the contracts were unclear.  Rather, Plaintiff asserts that Plaintiff and her husband did not understand the BOPP.  (Pl.'s BA Opp. Br. 5.)  This does not show that the contract contained an ambiguity requiring the Court to interpret it.  As to MLIC, Plaintiff's opposition brief is vague and does not identify how the contract is ambiguous or not clear.  Plaintiff has not pointed to any ambiguity in the contracts that could be interpreted so as to allow her to escape the provisions which bar these claims.

Plaintiff's "legalese" argument also has no merit.   Plaintiff cites no law to support her position that her difficulty understanding the contracts can defeat the operation of their express terms.

Lastly, Plaintiff contends that this Court should rely on New Jersey's doctrine of

equitable tolling to extend the time limits in both contracts.  Plaintiff argues that equitable tolling is warranted here because of the operation of the discovery rule.  Plaintiff argues that she did not discover that her husband had died accidentally until experts in a prior lawsuit had issued reports which asserted that her husband had died as a result of medical negligence.  As the Defendants both observe, Plaintiff states that she filed her medical malpractice lawsuit in November of 2007.  Thus, even if this Court agreed that equitable tolling was legally available here – which it does not – and applied the discovery rule and allowed Plaintiff four years from the filing of that lawsuit to file this one, this salvages none of Plaintiff's claims against either Defendant.

   Defendants have demonstrated that the Complaint fails to state a valid claim for relief.  Amendment of the Complaint is futile.  It is very clear from the face of the Complaint, together with the insurance policies it references, that Plaintiff has no valid claims for coverage under the policies.  The BOPP policy excludes coverage for death that results from medical treatment.  (BA's Br. Ex. A. at 8.)  Because the Complaint alleges that Plaintiff's husband died as a result of medical negligence, coverage is necessarily excluded.  The ADP policy covers only "bodily injury caused by an accident, directly and independently of other causes."  (Moser Dec. Ex. A at 3.)  Plaintiff has made no showing that she could possibly amend the Complaint so as to assert facts which could result in any valid claim for benefits under either policy.

   This Court concludes that it is clear from the face of the Complaint, and the documents specifically referenced, that Plaintiff has not and cannot state a valid claim for breach of contract against either Defendant.  This Court concludes that the remaining claims in the Complaint are either duplicative of the breach of contract claim, contingent on the breach of contract claim, or are pled so vaguely that the Complaint fails to assert sufficient facts to make them plausible.  "To

survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Thus, Plaintiff's claims of misrepresentation and fraud fail to state sufficient facts to state plausible claims for relief.

The Supreme Court has characterized dismissal with prejudice as a "harsh remedy." New York v. Hill, 528 U.S. 110, 118 (2000).  Dismissal of a count in a complaint with prejudice is appropriate if amendment would be inequitable or futile.  Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004).  "When a plaintiff does not seek leave to amend a deficient complaint after a defendant moves to dismiss it, the court must inform the plaintiff that he has leave to amend within a set period of time, unless amendment would be inequitable or futile." Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).   Because this Court has concluded that the Complaint, as drafted, states no valid claims, and that amendment is futile, the Complaint will be dismissed with prejudice.

Both motions to dismiss the Complaint for failure to state a valid claim for relief are granted, and the Complaint is hereby dismissed with prejudice.

       s/ Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge

5